Case 2:14-cv-00478-SPC-CM   Document 11   Filed 02/06/15   Page 1 of 3 PageID 24

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No: 2:14-cv-478-FtM-38CM

JONATHAN D. BLAKE,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Application to Clerk for Entry of Default ("Application") (Doc. 10), filed on December 22, 2014. Defendant, Jonathan D. Blake, has not filed a response to the Application and the time for doing so has expired. Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant for failure to respond to the Complaint. For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24,

2009).   Here, Defendant Jonathan D. Blake executed a Waiver of Service of Judicial Process (Doc. 9), which was signed October 21, 2014 and filed on November 14, 2014.[1]

By signing the Waiver, Defendant acknowledged that he "understand[s] that a judgment may be entered . . . if an answer or motion under Rule 12 is not served upon [Plaintiff] within 60 days after August 22, 2014 . . . ."   Doc. 9 at 1.   The Court finds that service of process was properly waived because, by signing and returning the Waiver, Defendant acknowledged receipt of a copy of the Complaint filed in this case, two copies of the Waiver and a means by which Defendant could return the Waiver at no cost to Defendant, and "agree[d] to save the cost of a summons and an additional copy of the complaint in this lawsuit by not requiring that [he] . . . be served with judicial process in the manner provided by Rule 4."   *Id.*   Defendant also agreed to waive objections based on a defect in the summons or service.   *Id.*

Pursuant to Rule 12(a)(1)(A)(ii), Federal Rules of Civil Procedure, a defendant who timely has waived service must serve an answer within 60 days after the request for waiver was sent.   Here, the executed Waiver states that the date from which sixty days is to be calculated is August 22, 2014.   Doc. 9 at 1.   Thus, Defendant was required to file a response to the Complaint on or before October 21, 2014, the same day the Waiver was executed.   *See* Doc. 9 at 1.   Defendant failed to file a response or request additional time for doing so; therefore, entry of Clerk's default is appropriate.

---

[1] The Declaration attached to the Waiver is dated November 2, 2014.   Doc. 9 at 2.

- 3 -

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Application to Clerk for Entry of Default (Doc. 10) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendant Jonathan D. Blake pursuant to Rule 55(a), Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
*Pro se* Defendant
Counsel of record