UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No:   2:14-cv-478-FtM-38CM

JONATHAN D. BLAKE,

    Defendant.
_____/

**ORDER**[1]

This matter is before the Court on the United States of America's Motion for Default Judgment (Doc. #13) filed on February 11, 2015.  Defendant Jonathan D. Blake has not filed a response, and the time to do so has expired.  The motion is now ripe for review.

**BACKGROUND**

This case arises from Defendant defaulting on a government-issued student loan. On July 29, 1996, Defendant executed a promissory note to secure a loan of $2,625.00 from the United States Department of Education (the "Department").  (Doc. #1 at ¶ 2). The loan was disbursed between August 1996 and January 1997 at a variable rate of interest established annually.  (Id. at 4).  The Department demanded payment according to the terms of the promissory note, but Defendant defaulted on his obligation on February 23, 1998.  (Id.).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Approximately fourteen years later, the Government initiated this action to recover the money Defendant owes on his unpaid student loan. (Id.). The Government attached to the Complaint a copy of the promissory note at issue and a Certificate of Indebtedness executed by a loan analyst at the Department on July 31, 2014. (Id. at 3-4). Under 34 U.S.C. § 685.202(b), a total of $42.69 in unpaid interest was capitalized and added to the principal balance. (Doc. #1 at 4).

According to the Certificate of Indebtedness, the Department credited $1,940.00 in payments from all sources to the balance. After application of these payments, Defendant owed – as of July 16, 2014 – $1,811.93 in principal and $968.83 in interest, for a total debt of $2,780.76. (Id.). Interest on the principal has continued to accrue at the rate of 3.13 percent per annum, or a daily rate of $0.16 through June 30, 2015. (Id.).

Defendant waived service on October 21, 2014, and was informed that a response to the Complaint was due sixty (60) days from August 22, 2014. (Doc. #9). When Defendant failed to answer or otherwise defend this action, the Government moved for a clerk's default on December 22, 2014. (Doc. #10). The Court granted the motion (Doc. #11), and the Clerk issued an Entry of Default against Defendant on February 9, 2015 (Doc. #12). The Government now moves for a default judgment against Defendant, which the Court will address in turn.

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant. See Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a

default judgment provided the defendant is not an infant or incompetent. See Fed. R. Civ. P. 55(b)(2); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc. 803 F.2d 1130, 1134 (11th Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment. Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." (citations omitted)).[2]  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206. In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1208 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit issued before the close of business on September 30, 1981.

entitled to" relief.  See PNC Bank, N.A. v. Starlight Props. & Holdings, LLC, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted).

## **DISCUSSION**

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (citation omitted).  Here, the Government has shown that Defendant signed the promissory note in order to secure a loan from the Department, and promised to pay all sums disbursed plus interest.  (Doc. #1 at 3).  The Government has provided a copy of the promissory note signed by Defendant and a Certificate of Indebtedness signed by a loan analyst at the Department. (Id. at 3-4); see also Fed. R. Civ. P 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").  In the Certificate of Indebtedness, the loan analyst avers that Defendant defaulted on the promissory note in February 1998 and owes the Government, as holder of the note, $1,811.93 in principal and $968.83 in accrued interest as of July 16, 2014, plus additional prejudgment interest accruing at 3.13 percent per year, and $0.16 per day.  (Doc. #1 at 4).  By failing to answer the Complaint, Defendant is deemed to have admitted these factual allegations.  These admissions are sufficient to establish that Defendant is liable for payment due under the note.

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also United States v. Hunter, No. 8:14-CV-229-T-33TGW, 2014 WL 1047407, at *1 (M.D. Fla. Mar. 18, 2014). Here, the judgment the United States seeks is capable of mathematical computation.  The

United States seeks a judgment of $2,780.76, together with accrued interest at $0.16 per day from July 16, 2014, to the date of entry of judgment and post-judgment interest under 28 U.S.C. § 1961.  A hearing on damages, therefore, is not required.

In sum, taking the well-pled factual allegations in the Complaint and attached exhibits as admitted, the Court finds that a default judgment is warranted.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff United States of America's Motion for Default Judgment (Doc. #13) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of the United States of America and against Defendant Jonathan D. Blake for **$1,811.93** in principal, together with **$1,005.95** in interest accrued as of the date of this Order, which sum shall continue to accrue prejudgment interest at the rate of 3.13 percent per year, or $0.16 per day through the date of judgment.  Thereafter, such sum shall bear interest at the statutory rate set forth in 28 U.S.C. § 1961.

(3) The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record